*HEARD APRIL TERM, 1875.*

## SMALLS *vs.* WILDER.

The verification of an answer consisting of a general denial of all the facts stated in the complaint was "that the above answer is true and correct in all particulars:" *Held*, That the verification was fatally defective because of the omission to state that the denial was founded on defendant's knowledge, and that plaintiff had the right to return the answer immediately, and, treating it as a nullity, take judgment on his complaint.

A verification is defective in substance where it does not *expressly appear*, either by the verification or by the pleading verified, that every material averment or denial, except such as relate to matters expressly averred or denied according to or for want of information and belief, is made according to the knowledge of the party.

BEFORE MAHER, J., AT BARNWELL, AUGUST TERM, 1874.

Action by Robert Smalls, plaintiff, against F. E. Wilder, defendant, on a money demand.

The complaint, which was verified, set forth a copy of a due bill alleged to have been given by the defendant to the plaintiff for $700, on which $300 had been paid, and demanded judgment for $400, the balance due thereon, and interest and costs.

An answer in the following words: "The defendant, answering the complaint herein, denies each and every allegation thereof," and

verified by the following affidavit, signed by the defendant before a notary public : "Personally appeared before me and made oath that the above answer is true and correct in all particulars," was served on plaintiff's attorney within twenty days from the service of the complaint.

The answer was immediately returned by plaintiff's attorney, with notice endorsed thereon that it was returned for want of verification.

At the next term of the Court the plaintiff's attorney applied for and obtained an order for judgment for failure to answer, and judgment was accordingly entered.

The defendant then, after notice, moved His Honor, at Chambers, to set aside the judgment. His Honor held that the verification was fatally defective, in this, that it was not to the effect that the answer was true to the knowledge of the defendant, as required by Section 180 of the Code of Procedure, and that plaintiff's attorney, in promptly returning the answer as an unverified pleading, and in proceeding to judgment as if no answer had been served, pursued the proper and regular course; wherefore he denied the motion, with $10 costs.

The defendant appealed.

*Whipper*, for appellant.

*Elliott, Youmans*, contra.

December 22, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The plaintiff obtained judgment in the Circuit Court for want of an answer, and the Circuit Court refused, on motion, to set that judgment aside.

The complaint was duly verified and an answer thereto was served, consisting of a general denial of all the facts stated in the complaint and verified as follows:

"Personally appeared before me and made oath that the above answer is true and correct in all particulars.

"F. E. WILDER.

"Sworn to and subscribed before me this 10th day of June, 1874.

"JAMES M. CROFUT,

"Notary Public."

The plaintiff's attorney, regarding this verification as defective, returned the answer immediately, and, treating it as a nullity, took judgment on his complaint.

Two questions arise: Was the verification defective as to matter of substance? And, if so, was it properly treated as a nullity?

The Code (Section 179) declares that "when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also." Section 108 provides as follows: "The verification must be to the effect that the same is true to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true," &c.

In the present case the defendant omitted to state that his denial was based on knowledge. Was this a departure from the requirement of the Code in a substantial respect? The words "to the effect" show clearly that the words of the statute need not be followed literally as a form in order to give validity to the verification, but do not warrant the omission of any of the substantial requirements of the verification as indicated by the statute. The great object enforced by the statute in prescribing what is essential to verification is to make it appear on the face of a pleading and its verification what matters therein contained are set forth, according to the knowledge of the party making such pleading, and what matters are stated according to information and belief only. Any mode of verification that does not accomplish this end defeats the object of the statute, and accordingly must be held defective as to matter of substance.

If all matters pleaded are set forth to be according to the knowledge of the party pleading, it is unnecessary to add to the verification the words "except as to those matters stated on information and belief, and as to those matters he believes it to be true."

So, on the other hand, if it appears by the pleading that all matters pleaded are on information and belief only, he may omit the statement that the same is true of his own knowledge. In both the cases of omission just supposed, it must appear distinctly on the face of the pleading whether the matters are so pleaded according to knowledge or information and belief.

Any matter set forth in a pleading requiring verification which is not stated on the face of the pleading to be so pleaded according to information and belief must be supported by the affidavit of the

party, affirming two distinct propositions—first, that he has knowl-
edge of the matters pleaded ; and, second, that they are pleaded
truly, according to that knowledge.

It is clear that the omission of the statement that the party veri-
fying has knowledge of the facts pleaded is a substantial departure
from the statute in every case where there are matters pleaded other
than those expressly stated to be upon information and belief.

Where the matter of the answer is a negative merely of the mat-
ter set forth in the complaint, the same form of verification is
required as in the case of pleading affirmatively; and in order to
bring the force of the verification to bear distinctly upon such nega-
tions, the Code prescribes (Section 172) that the same, so far as it is a
denial of the complaint, must contain " a general or specific denial
of each material allegation of the complaint controverted by the
defendants or any knowledge or information thereof sufficient to
form a belief."

When a denial of any fact is conformed to this rule of pleading
and properly verified, it will appear on the face of the pleadings,
and its verification just what matters the party has assumed to
deny, with the force due to the state of our having competent
knowledge of the facts, and what matters he has denied on the
ground solely of ignorance of the facts to which such denial
relates.

It is obvious, therefore, that the statute form of verification is as
applicable to the case of a denial of matters of fact as to affirma-
tive pleading.

It is unnecessary to decide in the present case whether, if the fact
clearly appears on the face of the pleading as to each material fact
affirmed or denied that such affirmance or denial is made according
to the knowledge of the party pleading, the omission of the state-
ment as to knowledge from the verification would be a substantial
defect, for the answer in the present case, while denying all the
material facts alleged in the complaint, does not comply with Sec-
tion 172 of the Code, for it does not appear whether such denial is
based on knowledge of the facts to which the denial relates or
proceeds on want of knowledge.

It is only necessary to hold, in the present case, that a verifica-
tion is defective in regard to a substantial matter where it does not
expressly appear, either by the verification or by the pleading veri-
fied, that every material averment or denial, except such as relate

to matters expressly averred or denied according to or for want of information and belief, is made according to the knowledge of the party.

As Section 179 prescribes a necessary requisite of an answer requiring verification, under the words "must be verified," and as Section 180 declares what "must" be the effect of the verification, it must be regarded as mandatory so far as it regards the question of the sufficiency of the pleading in point of law.

An answer failing to comply with substantial requirements of this character can be properly regarded as a nullity, and judgment for failure to answer may be taken.—Waite's Practice, (N. Y.,) vol. 2, p. 343.

The appeal is dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.